# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN RITA REJNIAK, <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN W. COLVIN, <br> Acting Commissioner of Social Security, <br><br> Defendant. | Case No. SACV 15-00565-JEM <br><br> MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On April 10, 2015, Kathleen Rita Rejniak ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Security Income ("SSI") benefits. The Commissioner filed an Answer on July 15, 2015. On October 5, 2015, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 62-year-old female who applied for Social Security Disability Insurance benefits on May 29, 2012 and for Supplemental Security Income benefits on May 31, 2012, alleging disability beginning March 28, 2012. (AR 22.) The ALJ determined that Plaintiff had not engaged in substantial gainful activity since March 28, 2012, the alleged onset date. (AR 24.)

Plaintiff's claims were denied initially on November 15, 2012, and on reconsideration on July 8, 2013. (AR 22.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Helen H. Hesse on May 14, 2014, in Orange, California. (AR 22.) Plaintiff appeared and testified at the hearing and was represented by counsel. (AR 22.) Vocational expert ("VE") David A. Rinehart also appeared and testified at the hearing. (AR 22.)

The ALJ issued an unfavorable decision on June 17, 2014. (AR 22-36.) The Appeals Council denied review on February 9, 2015. (AR 1-3.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the finding that Plaintiff could perform a reduced range of exertionally light work is based on legally valid rejection of the more restrictive opinions of treating family practitioner Ford and treating oncologist Sharma.

2. Whether the finding that Plaintiff's claims are not credible to the extent alleged is supported by clear and convincing evidence.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**THE SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment

meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since March 28, 2012, the alleged onset date. (AR 24.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: history of colon/rectal cancer status post resection and chemotherapy; irritable bowel syndrome; and obesity. (AR 24-28.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 28.)

The ALJ then found that Plaintiff has the RFC to perform light work, as defined in 20 C.F.R. §§ 416.1567(b) and 416.967(b), with the following limitations:

> Claimant must have restroom facilities within 25 yards of her work station;
> she can occasionally climb stairs, bend, balance, stoop, kneel, crouch, or
> crawl; she cannot climb ladders, ropes or scaffolding or work at unprotected
> heights or around dangerous or fast moving machinery.

(AR 28-35.) In determining the above RFC, the ALJ made an adverse credibility determination. (AR 30.)

At step four, the ALJ found that Plaintiff is able to perform her past relevant work as a clerk-food and operator-phone company. (AR 35.)

Consequently, the ALJ found that Claimant was not disabled, within the meaning of the Social Security Act. (AR 35.)

## DISCUSSION

The ALJ decision must be affirmed. The ALJ properly considered the medical evidence and properly discounted the severity of Plaintiff's subjective symptom allegations. The ALJ's RFC is supported by substantial evidence.

**I.  THE ALJ PROPERLY TREATED THE MEDICAL EVIDENCE**

Plaintiff contends that the ALJ failed to provide specific, legitimate reasons for rejecting the opinions of Dr. Ford, Plaintiff's treating physician, and her oncologist Dr. Sharma. The Court disagrees.

### A. Relevant Federal Law

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an

examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B.   Analysis**

Plaintiff is a 62 year old female who alleges she suffers from depression, colon cancer, abdominal pain, neuropathy in hands and feet, and irritable bowel syndrome. (AR 29.) The ALJ concluded that Plaintiff's alleged mental impairments are nonsevere (AR 25-28), a finding that is not challenged here. The ALJ did find that Plaintiff has the medically determinable severe impairments of colon/rectal cancer post resection, irritable bowel syndrome, and obesity. (AR 28.) The ALJ, however, found that, following surgery and seven months of chemotherapy, Plaintiff's colorectal cancer has remained in remission, a 2013 colonoscopy was unremarkable, and there is no need for ongoing regular care. (AR 30.) Although reporting irregular bowel movements, she was advised of the importance of a special high fiber diet to manage her leakage. (AR 30.) In sum, Claimant has not required a higher level of care or further surgical treatment or other treatments for her cancer and residual effects from treatment. (AR 30.) Accordingly, the ALJ assessed Plaintiff with a reduced range of light work RFC. (AR 28.) The ALJ's RFC is supported by substantial evidence.

   1.   Dr. Ford

Plaintiff's treating physician, Dr. Annie Ford, submitted a medical source statement dated April 9, 2014. (AR 33, 1058-1061.) Dr. Ford diagnosed malignant rectal neoplasm, fibromyalgia, chemotherapy induced neuropathy, and diarrhea/leakage due to cancer treatment. (AR 33.) Dr. Ford opined severe limitations, including pain severe enough to constantly interfere with attention and concentration needed to perform even simple tasks. (AR 33.) Dr. Ford also opined that she would need assistive devices for ambulation, could only lift 10 pounds occasionally, and would miss work more than four days a month. (AR 33.)

The ALJ gave Dr. Ford's opinion little weight. (AR 33.) The ALJ observed that Dr. Ford's opinion "includes little discussion of the findings, studies and symptoms which support the limitations" and that Dr. Ford's treatment notes do not indicate Claimant was

7

medically restricted in her activities. (AR 33.) An ALJ may reject a treating physician's opinion that is not supported or is contradicted by his or her treatment notes. Batson v. Comm'r, 359 F.3d 1190, 1195 n.3 (9th Cir. 2005); Bayliss, 427 F.3d at 1216. Plaintiff disputes the ALJ's findings, but Dr. Ford's comments on the checkbox form are conclusory and Plaintiff does not cite specifically to any objective medical evidence or clinical observations in Dr. Ford's treatment notes that would support the limitations assessed. Rather, Plaintiff cites to medical findings of other physicians not contained in Dr. Ford's notes.

      The ALJ also noted that Dr. Ford's opinion is inconsistent with the objective medical evidence. An ALJ may reject a physician's opinion that is contradicted by other assessments of a claimant's medical condition. Batson, 359 F.3d at 1195. Here, the ALJ noted that the evidence shows Claimant's cancer remains in remission, her neuropathy has improved, and her bowel pattern has or can be improved with proper diet. (AR 33, 31.) A physical examination in 2014 was unremarkable. (AR 31.) The ALJ found Claimant has not required further treatment for her cancer or its residual effects. (AR 30.) The ALJ did not fully adopt the June 4, 2013, consulting examining opinion of internist Dr. Reuben Ustaris, but did accept his findings that Plaintiff had normal gait and balance, did not need an assistive device, and had full range of motion of her back and ankle. (AR 32, 1005-1008.) The ALJ also gave partial weight to Dr. J. Berry, a State agency reviewer, who assessed a light work RFC. (AR 32.) The contradictory opinions of other physicians provide specific, legitimate reasons for rejecting a physician's opinion. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001).

      The ALJ's next reason for rejecting Dr. Ford's opinion is that Claimant's activities indicate a higher level of functioning. (AR 33.) Indeed, she was often advised to increase her physical activity. (AR 33.) An ALJ may reject a physician's opinion that is contradicted by a claimant's own admitted or observed abilities. Bayliss, 427 F.3d at 1216. Plaintiff argues that the ALJ did not even specify the activities in question. This contention has no merit. The ALJ explicitly catalogued Plaintiff's activities that are inconsistent with disabling limitations (AR 30), which are discussed below.

Because of the lack of objective medical support for Dr. Ford's opinion, the ALJ observed that her opinion "appears to rely largely upon the subjective complaints of the claimant." (AR 33.) A treating physician's opinion based on subjective complaints of a claimant whose credibility has been discounted can be properly disregarded. Tonapetyan, 242 F.3d at 1149. Plaintiff claims that the ALJ cites no actual support for her assertion that Dr. Ford relied on Plaintiff's subjective complaints, but as noted above the ALJ cited the lack of objective evidence cited by Dr. Ford and inconsistency with other medical evidence.

Plaintiff disagrees with the ALJ's interpretation of the evidence, but it is the ALJ's responsibility to resolve the conflicts in the medical evidence. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable, as it is here, it should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ rejected Dr. Ford's opinion for specific, legitimate reasons supported by substantial evidence.

2. Dr. Sharma

The ALJ also gave little weight to the March 28, 2014, opinion of Plaintiff's treating oncologist, Dr. Sanjay Sharma. (AR 34, 1031-1034.) Dr. Sharma diagnosed rectal cancer in remission and neuropathy. (AR 34.) He opined that Claimant's pain would interfere with her ability to perform even simple tasks, and she can lift but 10 pounds. (AR 34.) The ALJ rejected Dr. Sharma's opinion because it is not supported by objective medical evidence. (AR 34.) As previously noted, an ALJ may reject a treating physician's opinion that is not supported by his or her treatment notes. Batson, 359 F.3d at 1195 n.3; Bayliss, 427 F.3d at 1216. Here, Dr. Sharma indicated the Claimant was not currently on any treatment and none was anticipated, which was inconsistent with his opinion regarding Plaintiff's inability to work. (AR 34.) The ALJ also noted that Dr. Sharma's opinion was inconsistent with the evidence in the record. (AR 34.) See Batson, 359 F.3d at 1195.

Because Dr. Sharma provided no objective medical evidence to support his opinion, the ALJ reasonably concluded that the opinion was based on Plaintiff's subjective complaints, which the ALJ discounted, as discussed below. Again, a treating physician's opinion based on

9

subjective complaints of a claimant whose credibility has been discounted can be properly disregarded. Tonapetyan, 242 F.3d at 1149.

Plaintiff disagrees with the ALJ's interpretation of the evidence but, again, it is the ALJ's responsibility to resolve conflicts in the medical evidence. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation is reasonable, as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857.

The ALJ rejected Dr. Sharma's opinion for specific, legitimate reasons supported by substantial evidence.

## II. THE ALJ PROPERLY DISCOUNTED THE SEVERITY OF PLAINTIFF'S SUBJECTIVE SYMPTOMS

Plaintiff contends that the ALJ erred in discounting her subjective symptoms. The Court disagrees.

### A. Relevant Federal Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas, 278 F.3d at 958; see also Rollins, 261 F.3d at 856-57; Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what

testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

**B.     Analysis**

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause her alleged symptoms. (AR 30.) The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence and limiting effects of her alleged symptoms were "not entirely credible." (AR 30.) Because the ALJ did not make any finding of malingering, she was required to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's credibility. Smolen, 80 F.3d at 1283-84; Tommasetti v. Astrue, 533 F.3d at 1035, 1039-40 (9th Cir. 2008). The ALJ did so.

First, the ALJ found that Plaintiff's subjective symptom allegations were inconsistent with the medical evidence. (AR 30, 34-35.) An ALJ is permitted to consider whether there is a lack of medical evidence to corroborate a claimant's alleged symptoms so long as it is not the only reason for discounting a claiimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005). Here, Plaintiff's depressive disorder and anxiety disorder were nonsevere, medications were effective, and no additional treatment or services were required. (AR 25-28.) Her cancer is in remission with no need of ongoing regular care. (AR 30.) Her neuropathy improved. (AR 33.)

Second, Plaintiff was advised by providers of the importance of following a special high fiber diet to assist in managing her irritable bowel syndrome symptoms. (AR 30.) When she consumed fiber, her symptoms improved. (AR 31.) She did not discuss her bowel irregularities with all her providers. (AR 31.) Impairments that can be controlled effectively with medication are not disabling. Warre v. Comm'r of Soc. Sec., 439 F.3d 1001, 1006 (9th Cir. 2006). Plaintiff, however, often failed to consume fiber as she had been advised to do. (AR 31.) She also attended only a few sessions of physical therapy for her neuropathy. (AR 31.) An ALJ may discount the subjective symptom allegations of a claimant who fails or refuses to follow a prescribed treatment regimen. Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989).

Third, the ALJ found that Plaintiff's daily activities are inconsistent with disabling limitations (AR 30), which is a legitimate consideration in evaluating credibility. Bunnell, 947 F.2d at 345-46. Here, the ALJ found that the evidence shows Claimant has the ability to perform light household chores, shop, prepare simple meals, manage her finances, attend to personal care, care for animals, use a telephone, go out alone, and manage her medications and medical appointments. (AR 25, 30.) Plaintiff argues that these activities do not prove she can work but they do suggest Claimant has greater functional abilities than alleged. See Valentine v. Comm'r, 574 F.3d 685, 694 (9th Cir. 2009).

Plaintiff disputes the ALJ's adverse credibility determination, but again it is the ALJ who has the responsibility to resolve ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable, as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857.

The ALJ rejected Plaintiff's subjective symptom testimony for clear and convincing reasons supported by substantial evidence.

\* \* \*

The ALJ's RFC is supported by substantial evidence. The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: November 13, 2015  /s/ John E. McDermott
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE